[Criminal No. 39. Filed September 4, 1886.]

[S. C. Pac. 671.]

THE TERRITORY OF ARIZONA, Plaintiff and Respondent, v. LOUIS BLOMBERG, Defendant and Appellant.

1. CONSTITUTIONAL LAW—LEGISLATIVE POWER OF TERRITORY LIMITED BY ORGANIC LAW—§ 1851, REV. S9. U. S. 1878, (ORGANIC LAW OF ARIZ. REV. ST. ARIZ. 1901, par. 15)—TERRITORIAL LAWS MUST BE CONSISTENT WITH CONSTITUTION—§ 1891 REV. ST. U. S. 1878 (ORGANIC LAW OF ARIZ. REV. ST. ARIZ. 1901, par. 67) TERRITORIES UNDER CONTROL OF CONGRESS—§ 3, ART. 4 CONST. U. S.—The limitation upon the legislative power of the territories is the organic law which governs them. A law of the territory which is not consistent with the constitution of the United States is beyond its powers, and invalid. The territories are under the complete control of Congress.

2. SAME—CRIMINAL LAW—PROCEDURE—ACT OF MARCH 12, 1885, PROVIDING FOR PROSECUTION BY INFORMATION INVALID INSOFAR AS IN

CONFLICT WITH THE FIFTH AMENDMENT OF CONSTITUTION—ACT NO. 83, LAWS OF 1885—PROSECUTION BY INDICTMENT FOR CAPITAL AND INFAMOUS CRIMES GUARANTEED BY CONSTITUTION—"INFAMOUS CRIME" DEFINED.—Act of March 12, 1885, providing for prosecution of crimes, misdemeanors and offenses by information, invalid in so far as in conflict with the fifth amendment to the constitution of the United States, which provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury." Prosecution for infamous offenses by indictment by a grand jury is as firmly guaranteed by the constitution as the right of trial by jury. A crime punishable by imprisonment for a term of years at hard labor is an "infamous crime."

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Reversed.

The facts are stated in the opinion.

Clark Churchill, Atty. Gen., and A. W. Blair, for the Territory.

G. H. Oury, for Appellant.

The Act of March 12, 1885, is invalid because it is in conflict with Article Five, Fourteenth Amendment of the Constitution of the United States, which provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury." The Constitution of the United States provides, Article Sixth, Section Two, that "this Constitution and the laws of the United States, which shall be made in pursuance thereof shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding. The Constitution gives Congress power to make all needful rules and regulations for the government of the territories. Article 4, Sec. 3, Subd. 2. Sec. 1891, page 334, Rev. St. U. S. provides that the Constitution and all laws of the United States which are not locally inapplicable shall have the same force and effect within all the organized Territories and every

Territory hereafter organized as elsewhere in the United States.

The legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States. Sec. 1851, p. 329, Rev. St. U. S. 1878.

See, also, Story on the Constitution, Secs. 1784-86; 1 Kent Comm., p. 449; Cooley's Constitutional Limitations, p. 30; 1st Kent Comm., p. 313; Cooley's Constitutional Lim., p. 19, note 1; also, p. 78; Potter's Duarris on the Construction of Statutes, p. 185.

BARNES, J.—The defendant was, by information, charged with the crime of murder. He was tried in the county of Pinal, and found guilty of the crime of manslaughter, and sentenced for a term of seven and one-half years to the territorial prison. The legislative assembly of the territory, by a law which was approved March 12, 1885, provided for the prosecution of crimes, misdemeanors, and offenses by information. The validity of this law is the question presented here. "The legislative power of every territory shall extend to all rightful subjects of legislation (not inconsistent), with the constitution and laws of the United States." Section 1851, Rev. St. U. S. This limitation upon the legislative power of the territories is the organic law which must govern them. A law of the territory which is not consistent with the constitution of the United States is beyond its powers, and invalid. Again: "The constitution, and all laws of the United States which are not locally inapplicable, shall have the same force and effect within all the organized territories," etc., "as elsewhere in the United States." Section 1891, Rev. St. U. S. The territories are under the complete control of congress. "The congress shall have power to dispose of and *make all* needful rules and regulations respecting the territories." Section 3, art. 4, Const. U. S. The fifth amendment to the constitution of the United States, which provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury," must be held to reach as far as the congress

has power to legislate, and to embrace the whole jurisdiction of the acts of the congress. Clearly this includes the territories. In the case of *Scott* v. *Sandford*, 19 How. 449-451, it was declared by the court that the bill of rights of the federal constitution protects and defends a citizen of the territory. ("The federal government can exercise no power over his person or property beyond what that instrument confers, nor lawfully deny any rights which it has reserved.") And if congress itself cannot do that, "if it is beyond the powers conferred on the federal government, it will be admitted, we presume, that it could not authorize a territorial government to exercise them. It could confer no power on any local government established by its authority to violate the provisions of the constitution." Prosecution for infamous offenses by indictment by a grand jury is as firmly guaranteed by the constitution as the right of trial by jury. Congress may not take away this right; *a fortiori*, the territories may not. A crime punishable by imprisonment for a term of years at hard labor is an "infamous crime." *Ex parte Wilson*, 114 U. S. 429; 5 Sup. Ct. Rep. 935. We therefore hold that the act referred to, providing for the prosecution of "capital or otherwise infamous offenses" by information, is invalid.

The judgment is reversed, and the cause is remanded.

Porter, J. concurs.